**UNITED STATES of America**
v.
**Victor FIGUEROA et al.**
**Crim. No. 72-276-W.**

United States District Court,
D. Massachusetts.
Sept. 8, 1972.

Frederic R. Kellogg, Asst. U. S. Atty., Boston, Mass., for plaintiff.

Conrad W. Fisher, Worcester, Mass., for defendants.

## MEMORANDUM AND ORDER

WYZANSKI, Senior District Judge.

Pursuant to an application for an immediate hearing upon defendants Rafaele Martinez and Juan Cruz's appeals from orders entered earlier this day by U. S. Magistrate Kneeland fixing bond in each case in the amount of $5,000, I heard both defendants and their counsel and counsel for the government.

As the Assistant United States Attorney conceded, there is no substantial dispute as to the facts. Mrs. Martinez, 43 years old, is working for Vista, an agency of the United States government. She has never been convicted of a crime. She has 5 children, of whom 2 are living with her at 32 Old Lincoln St., Worcester, and of these 2 one is expecting a child. Mrs. Martinez has in Worcester another child, and indeed a fourth child awaiting trial. In Worcester she also has 3 sisters and a brother. She has other relatives in New York. There is no evidence that remotely suggests that she will not be available and present for court hearings.

Nor is the situation different in the main outlines of fact in the case of Juan Cruz. He is 23 years old, and until a few months ago when he was laid off for want of work he was employed. He hopes for a job next week in Worcester. He is married to a factory worker who is now supporting him. Although charges have been made against him by state authorities, he has never been convicted of a crime. He has faithfully responded to process and appointments in state courts.

Neither the Assistant United States Attorney who appeared before me nor I recall any case in which a judge of this court in the face of similar circumstances has thought any such bail as $5,000 was sustainable under the rules prescribed by 18 U.S.C. § 3146 or under the provisions of the United States Constitution. It is, of course, true that if proved, the distribution of heroin is a most serious offense. But there is no reason to suppose that Spanish-speaking persons born in Puerto Rico are to be treated differently from others when merely charged with (or indeed if later convicted of) unlawful distribution of heroin. What needs to be emphasized is that the question before this court is whether the defendants will be

present in court when required. On this issue the evidence is overwhelmingly affirmative.

The appeals are granted; defendants are released forthwith on their own recognizance.